US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
08/16/2022

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

EL DORADO DIVISION

| | | |
|---|---|---|
| KELVIN STEWARD<br>Plaintiff | | PLAINTIFF |
| | CASE NO. 1:22-cv-01047 | |
| VS. | | |
| AIR LIQUIDE ADVANCED TECHNOLOGIES U.S. LLC, AIR LIQUIDE LARGE INDUSTRIES U.S. L.P., AIR LIQUIDE ELECTRONICS U.S. L.P., AIR LIQUIDE ADVANCED MATERIALS, INC., AIR LIQUIDE ADVANCED MATERIALS LLC, AND AIR LIQUIDE USA LLC | | DEFENDANT |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Air Liquide Advanced Technologies U.S. LLC, Air Liquide Large Industries U.S. LP, Air Liquide Electronics U.S. LP, Air Liquide Advanced Materials, Inc., Air Liquide Advanced Materials LLC, and Air Liquide USA LLC (sometimes collectively referred to herein as "Defendants"), with full reservation of any and all rights, defenses, exceptions, and objections, whether in state court or federal court, hereby remove the above-captioned action from the Circuit Court of Union County, Arkansas, to the United States District Court for the Western District of Arkansas, El Dorado Division.

### The State Court Action

1. On July 6, 2022, Plaintiff Kelvin Seward ("Plaintiff") filed a lawsuit in the Circuit Court of Union County, Arkansas entitled *Kelvin Seward v. Air Liquide Advanced Technologies*

1

*U.S. LLC, Air Liquide Large Industries U.S., LP, Air Liquide Electronics U.S., LP, Air Liquide Advanced Materials, Inc., Air Liquide Advanced Materials, LLC, and Air Liquide USA, LLC*, Case No. 70CV-22-279-6 (the "State Court Action"). A copy of the Plaintiff's Complaint along with the complete record of the State Court Action is attached hereto as Exhibit 2 (State Court Record).

2. Plaintiff served a summons and copy of the Complaint on Air Liquide Advanced Materials LLC on July 18, 2022. *See* Exhibit 1, Summons and Complaint.

3. Plaintiff served a summons and copy of the Complaint on Air Liquide Advanced Technologies U.S. LLC on August 8, 2022. *See* Exhibit 1, Summons and Complaint.[1]

4. Plaintiff served a summons and copy of the Complaint on Air Liquide Electronics U.S. LP on August 8, 2022. *See* Exhibit 1, Summons and Complaint.[2]

5. Plaintiff served a summons and copy of the Complaint on Air Liquide Large Industries U.S LP on August 8, 2022. *See* Exhibit 1, Summons and Complaint.[3]

---

[1] The summons and Complaint received by Air Liquide Advanced Technologies U.S. LLC, Air Liquide Electronics U.S. LP and Air Liquide Large Industries U.S. LP (all attached hereto as Exhibit 1) were served on their registered agent for service of process, Capital Corporate Services, Inc, on August 8, 2022. However, the State Court Record contains the following: (1) a "Return of Service" filed by counsel for Plaintiff that purports to show service of a summons and complaint on Air Liquide Advanced Technologies U.S. LLC, on July 19, 2022, (2) a "Return of Service" filed by counsel for Plaintiff that purports to show service of a summons and complaint on Air Liquide Electronics U.S. LP on July 19, 2022, and (3) a "Return of Service" filed by counsel for Plaintiff that purports to show service of a summons and complaint on Air Liquide Large Industries U.S LP on July 19, 2022. Based on the Certified Mail Receipts attached to the "Return of Service" pleadings, it does not appear that the summons and complaint listed in these "Return of Service" pleadings were served on the correct agent for service of process for the referenced entities. In any event, this Notice of Removal is timely filed within thirty days from the date of service of the summons and copy of the Complaint in the State Court Action on Air Liquide Advanced Materials LLC, which was the first defendant to receive service of the State Court Action via its registered agent for service of process. 28 U.S.C. § 1446(b).

[2] *Id.*

[3] *Id.*

6. At the time of this filing of the Notice of Removal, Air Liquide Advanced Materials, Inc., and Air Liquide USA LLC[4], have not been served with a summons or a copy of the Complaint.

7. This Notice of Removal is timely filed within thirty days from the date of service of the summons and copy of the Complaint in the State Court Action on Air Liquide Advanced Materials, LLC which was the first defendant to receive service of the State Court Action. 28 U.S.C. § 1446(b).

8. All Defendants consent to removal. 28 U.S.C. § 1446(b).

## Jurisdiction and Venue

9. Because the Circuit Court of Union County, Arkansas lies in the El Dorado Division of the Western District of Arkansas, this Court is the appropriate venue for removal. 28 U.S.C. §§ 1441(a) and 1446(a).

10. Based on the following, this Court has original jurisdiction over this action because the matter in controversy exceeds $75,000[5], exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a).

11. Defendants file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and without prejudice to any defenses Defendants may have to the Plaintiff's action, jurisdictional or otherwise.

---

[4] Air Liquide USA LLC has not received a summons through its registered agent for service of process, Capital Corporate Services, Inc. However, the State Court Record contains a "Return of Service" filed by counsel for Plaintiff that purports to show service of a summons and complaint on Air Liquide USA LLC on July 19, 2022. Based on the Certified Mail Receipt attached to the "Return of Service" pleading, it does not appear that the summons and complaint listed in the "Return of Service" pleading was served on the correct agent for service of process. In any event, this Notice of Removal is timely filed within thirty days from the date of service of the summons and copy of the Complaint in the State Court Action on Air Liquide Advanced Materials LLC, which was the first defendant to receive service of the State Court Action via its registered agent for service of process. 28 U.S.C. § 1446(b).

[5] Defendants do not concede, and specifically reserve the right to contest, all of Plaintiff's alleged damages.

## Diversity of Citizenship

12. Plaintiff alleges in his complaint that he is a resident of El Dorado, Union County, Arkansas. See Exhibit 1, Complaint, ¶ 1.

13. For purposes of diversity, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State of foreign where it has its principal place of business." 28 U.S.C. § 1332(c)(1). For the purposes of diversity, citizenship of a LLC is the citizenship of its members. *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990). For the purposes of diversity, citizenship of a LP is the citizenship of its partners. *Id.*

14. Defendant Air Liquide Advanced Technologies U.S. LLC is a Delaware limited liability company with its principal place of business in the State of Delaware. Air Liquide Advanced Technologies U.S. LLC's sole member is Air Liquide USA LP, a Delaware limited partnership, with its principal place of business in the State of Texas. Air Liquide USA LP's partners are Air Liquide USA GP LLC and Air Liquide USA LP LLC. Air Liquide USA GP LLC and Air Liquide USA LP LLC are both Delaware limited liability companies, have their principal place of business in the State of Texas, and have one sole member, American Air Liquide Holdings, Inc., a Delaware corporation, organized under the laws of Delaware with its principal place of business in the State of Texas. Thus, Air Liquide Advanced Technologies U.S. LLC is a citizen of Delaware and Texas.

15. Defendant Air Liquide Large Industries U.S. LP is a Delaware limited partnership with its principal place of business in the State of Texas. Air Liquide Large Industries U.S. LP's partners are Air Liquide LI GP LLC and Air Liquide LI LP LLC. Air Liquide LI GP LLC and Air Liquide LI LP LLC are both Delaware limited liability companies, have their principal place of business in the State of Texas, and have one sole member, Air Liquide USA LP, a Delaware limited

partnership, with its principal place of business in the State of Texas. Air Liquide USA LP's partners are Air Liquide USA GP LLC and Air Liquide USA LP LLC. Air Liquide USA GP LLC and Air Liquide USA LP LLC are both Delaware limited liability companies, have their principal place of business in the State of Texas, and have one sole member, American Air Liquide Holdings, Inc., a Delaware corporation, organized under the laws of Delaware with its principal place of business in the State of Texas. Thus, Air Liquide Large Industries U.S. LP is a citizen of Delaware and Texas.

16. Air Liquide Electronics U.S. LP is a Delaware limited partnership with its principal place of business in the State of Texas. Air Liquide Electronics U.S. LP's partners are Air Liquide Electronics GP LLC and Air Liquide Electronics LP LLC. Air Liquide Electronics GP LLC and Air Liquide Electronics LP LLC are both Delaware limited liability companies, have their principal place of business in the State of Texas, and have one sole member, Air Liquide USA LP, a Delaware limited partnership, with its principal place of business in the State of Texas. Air Liquide USA LP's partners are Air Liquide USA GP LLC and Air Liquide USA LP LLC. Air Liquide USA GP LLC and Air Liquide USA LP LLC are both Delaware limited liability companies, have their principal place of business in the State of Texas, and have one sole member, American Air Liquide Holdings, Inc., a Delaware corporation, organized under the laws of Delaware with its principal place of business in the State of Texas. Thus, Air Liquide Electronics U.S. LP is a citizen of Delaware and Texas.

17. Air Liquide Advanced Materials, Inc. is a Delaware corporation, organized under the laws of Delaware with its principal place of business in the State of New Jersey. Thus, Air Liquide Advanced Materials, Inc. is a citizen of Delaware and New Jersey.

18. Air Liquide Advanced Materials LLC is Delaware limited liability company with its principal place of business in the State of New Jersey. Air Liquide Advanced Materials LLC has one sole member, Air Liquide Advanced Materials, Inc., a Delaware corporation, organized under the laws of Delaware with its principal place of business in the state of New Jersey. Thus, Air Liquide Advanced Materials LLC is a citizen of Delaware and New Jersey.

19. Air Liquide USA LLC is a Delaware limited liability company with its principal place of business in the State of Texas. Air Liquide USA LLC has one sole member, American Air Liquide Holdings, Inc., a Delaware corporation, organized under the laws of Delaware, with its principal place of business in the State of Texas. Thus, Air Liquide USA LLC is a citizen of Delaware and Texas.

20. Because Plaintiff is a citizen of Arkansas, and Defendants are citizens of Delaware, Texas, and New Jersey, this is an action between citizens of different states within the meaning of 28 U.S.C. §1332(a).

## Amount in Controversy

21. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. §1332(a).

22. Plaintiff alleges in his Complaint that, "Plaintiff sustained second and third degree burns to his face, ears, neck and chest and left hand/wrist." See Exhibit 1, Complaint ¶ 9. Plaintiff further alleges that he

> "suffered serious and painful bodily injuries and incurred the following damages:
> a. Reasonable medical care and expenses in the past. ...
> b. Reasonable and necessary medical care expenses ... incurred in the future;
> c. Physical pain and suffering in the past;
> d. Physical pain and suffering in the future;
> e. Mental anguish in the past;
> f. Mental anguish in the future; and
> g. Lost Wages."

6

See Exhibit 1, Complaint, ¶ 17.

23. Plaintiff further alleges in his Complaint that, "[b]y reason of the above and foregoing damages, Plaintiffs seek judgment in an amount that exceeds the minimum requirements for jurisdiction in federal court based on diversity." See Exhibit 1, Complaint, ¶ 18. Thus, Plaintiff has alleged that his damages are in excess of $75,000.00.

24. "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S. Ct. 1570, 1573, 6 L. Ed. 2d 890 (1961), *citing St. Paul Mercury Indemnity Co. v. Red Cob. Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845, and cases there cited. "[A] general allegation [that the jurisdictional amount exists] when not traversed is sufficient, unless it is qualified by others which so detract from it that the court must dismiss *sua sponte* or on defendant's motion." *Gibbs v. Buck*, 307 U.S. 66, 72, 59 S. Ct. 725, 729, 83 L. Ed. 1111 (1939). *See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002).

25. While Defendants deny that Plaintiff is entitled to any damages, the face of Plaintiff's Complaint confirms that the amount in controversy exceeds the jurisdictional amount of $75,000, and the amount in controversy requirement of 28 U.S.C. §1332(a) is satisfied.

## Compliance with Procedural Requirements

26. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within thirty days from the date of service of the summons and copy of the Complaint in the State Court Action on Air Liquide Advanced Materials LLC, which was the first defendant to receive service of the State Court Action.

27. All Defendants have joined this Notice by signature of their counsel below.

28. As required by 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of the filing of this Notice of Removal to Plaintiff's counsel.

29. As required by 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of the filing of this Notice of Removal to the Clerk of the Circuit Court of Union County, Arkansas, including filing a copy of the Notice of Removal with same.

30. By virtue of this Notice of Removal, Defendants do not waive their right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure.

WHEREFORE, having fulfilled all statutory requirements, Defendants hereby remove the State Court Action from the Circuit Court of Union County, Arkansas, to the United States District Court for the Western District of Arkansas, El Dorado Division.

Respectfully submitted,

PPGMR LAW, PLLC
200 N. Jefferson, Ave., Suite 500
El Dorado, Arkansas 71731-1718
(870) 862-5523
Brian@ppgmrlaw.com

By: _____
BRIAN H. RATCLIFF (AR Bar No. 88154)

Attorney for Defendants, Air Liquide Advanced Technologies U.S. LLC, Air Liquide Large Industries U.S. LP, Air Liquide Electronics U.S. LP, Air Liquide Advanced Materials, Inc., Air Liquide Advanced Materials LLC, and Air Liquide USA LLC

OF COUNSEL:

BRADLEY MURCHISON KELLY & SHEA LLC

Joseph L. Shea, Jr.
    Louisiana Bar Roll No. 11990
Katherine Smith Baker
    Louisiana Bar Roll No. 31971

401 Edwards Street, Suite 1000
Shreveport, LA 71101
Telephone 318.227.1131
Facsimile 318.227.1141
jshea@bradleyfirm.com
kbaker@bradleyfirm.com

9

## CERTIFICATE OF SERVICE

I, Brian H. Ratcliff, do hereby certify that a copy of the above and foregoing Notice of Removal has been served on the plaintiff by electronic and/or regular mail at the following address:

Brandon Cogburn (AR Bar No. 2002094)
FLINT, CRAWFORD & COGBURN P.L.L.C.
2821 Richmond Road, Texarkana, Texas 75503
903-334-8928
903-334-8853 (FAX)
bcogburn@brudceflint.com
litigation@bruceflint.com
dcrawrford@bruceflint.com

on this 16th day of August, 2022.

                                                                       Brian H. Ratcliff