IN THE CIRCUIT COURT
UNION COUNTY, ARKANSAS
CIVIL DIVISION

FILED
7-6-2022   7:53 AM
CHERYL COCHRAN-WILSON, CLERK
BY K. Ward   D.C.

KELVIN STEWARD                                                           PLAINTIFF

v.                    CASE NO. 70CV-22-279-6

AIR LIQUIDE ADVANCED TECHNOLOGIES U.S. LLC,
AIR LIQUIDE LARGE INDUSTRIES U.S. LP,
AIR LIQUIDE ELECTRONICS U.S. LP,
AIR LIQUIDE ADVANCED MATERIALS, INC.,
AIR LIQUIDE ADVANCED MATERIALS, LLC. and
AIR LIQUIDE USA, LLC                                                     DEFENDANTS

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff KELVIN STEWARD complaining of Defendant AIR LIQUIDE ADVANCED TECHNOLOGIES U.S. LLC, (Defendant ALATUS), Defendant AIR LIQUIDE LARGE INDUSTRIES U.S., LP, (Defendant ALLIUS), AIR LIQUIDE ELECTRONICS U.S., LP, (Defendant ALEUS) Defendant AIR LIQUIDE ADVANCED MATERIALS, INC., (Defendant ALAMINC) Defendant AIR LIQUIDE ADVANCED MATERIALS, LLC., (Defendant ALAMLCC) and Defendant AIR LIQUIDE USA, LLC (Defendant ALUSA) for his cause of action would show unto the Court the following:

### I. PARTIES

1.  Plaintiff is a resident of El Dorado, Union County, Arkansas.

2.  Defendant Air Liquide Advanced Technologies U.S., LLC, is a foreign limited liability company with a principal place of business located at 615 S. Dupont Hwy., Dover, Delaware 19901. Defendant Air Liquide Advanced Technologies U.S., LLC, is registered

with the Arkansas Secretary of State and is authorized to do business in the State of Arkansas. Service of Process may be made by serving Defendant's registered agent, Capitol Corporate Services, Inc., 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

3. Defendant Air Liquide Large Industries U.S., LP, is a foreign limited partnership with a principal place of business located at 9811 Katy Freeway, Suite 100, Houston, Texas 77024. Defendant is registered with the Arkansas Secretary of State and is authorized to do business in the State of Arkansas. Service of Process may be made by serving Defendant's registered agent, Capitol Corporate Services, Inc., 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

4. Defendant Air Liquide Electronics U.S., LP, is a foreign limited partnership with a principal place of business located at 9811 Katy Freeway, Suite 100, Houston, Texas 77024. Defendant is registered with the Arkansas Secretary of State and is authorized to do business in the State of Arkansas. Service of Process may be made by serving Defendant's registered agent, Capitol Corporate Services, Inc., 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

5. Defendant Air Liquide Advanced Materials, Inc., is a foreign corporation with a principal place of business located at 9811 Katy Freeway, Suite 100, Houston, Texas 77024. Defendant is not registered with the Arkansas Secretary of State. Service of Process may be made by serving Defendant's president and chief executive officer, Paul C. Burlingame, at 9811 Katy Freeway, Suite 100, Houston, Texas 77024.

6. Defendant Air Liquide Advanced Materials, LLC, is a Delaware limited liability corporation. Defendant is not registered with the Arkansas Secretary of State. Service of

Process may be made by serving Defendant's Registered Agent, Capitol Services, Inc., 108 Lakeland Avenue, Dover, Delaware 19901

7. Defendant Air Liquide USA, LLC, is a foreign limited liability company with a principal place of business located at 2700 Post Oak Blvd., Suite 1800, Houston, Texas 77056. Defendant is registered with the Arkansas Secretary of State and is authorized to do business in the State of Arkansas. Service of Process may be made by serving Defendant's registered agent, Capitol Corporate Services, Inc., 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

## II. JURISDICTION AND VENUE

8. This Court has Jurisdiction and Venue is proper in Union County, Arkansas pursuant to Ark. Code Ann. § 16-60-101 because a substantial part of the events occurred in Union County, Arkansas.

## III. FACTS

9. On or about October 11, 2020, Plaintiff was employed as a Receiving Technician at Clean Harbors Environmental Services in El Dorado, Arkansas. Defendants provide Clean Harbors with random samples for testing/disposal. Plaintiff was testing a sample labeled as UN2924, Waste flammable liquid, corrosive, N.O.S. solution of Trimethylchlorosilane, Hexane, Tungsten Halides, a hazardous waste sample delivered by Defendant ALAM. Upon opening the container in the satellite laboratory fume hood, the waste sample immediately ignited, and the sample of hazardous waste spilled in the lab hood and onto Plaintiff. Plaintiff sustained second and third degree burns to his face, ears, neck, chest, and left hand/wrist.

## IV. STRICT LIABILITY

10. Defendants are strictly liable to Plaintiff for damages in that:

    a. Plaintiff has sustained damages;

    b. Defendants were engaged in the business of using and/or testing a hazardous waste sample;

    c. A hazardous waste sample was supplied to Plaintiff by Defendants in a defective condition which rendered it unreasonably dangerous; and

    d. The defective condition was a proximate cause of Plaintiff's damages.

## V. ABSOLUTE LIABILITY – ULTRAHAZARDOUS ACTIVITIES

11. By delivering the defective hazardous waste sample, Defendants are liable for all damages sustained by Plaintiff which were proximately caused by the defective hazardous waste sample.

12. Defendants knew or should have known that the sample contained Trimethylchlorosilane and can cause serious or permanent injury.

13. Defendants knew or should have known that Trimethylchlorosilane:

    a. reacts vigorously with water and products of the reaction include hydrogen chloride, which will corrode common metals and form flammable hydrogen gas, from which heat may be sufficient to ignite nearby combustible materials.

    b. toxicity is rated high for inhalation, ingestion, and local irritation and may cause death or permanent injury after a very short exposure in small quantities;

    c. has a violent reaction with water and toxic and irritating hydrogen chloride and phosgene may be formed in fires;

    d.    flashback along a vapor trail may occur, containers may explode in fire, and vapor may explode if ignited in an enclosed area;

    e.    when heated to decomposition or on contact with acids or acid fumes, chloride fumes are emitted;

    f.    reacts with surface moisture, releasing hydrogen chloride, which will corrode common metals and form flammable hydrogen gas.

## VI. NEGLIGENCE

14. Defendants owed Plaintiff a duty to label the hazardous waste sample correctly with proper warnings. Defendants breached that duty owed to Plaintiff. The hazardous waste sample ignited upon opening which caused Plaintiff's injuries and damages.

15. Plaintiff will show that the acts and/or omissions of negligence of Defendants, as set forth herein, separately, and collectively, were the direct and proximate cause of the injuries and damages sustained by the Plaintiff. The acts and omissions of negligence among others, are as follows:

    a.    Failing to correctly label the hazardous waste sample or chemical;

    b.    Failing to design the hazardous waste sample or chemical against the probability of explosion damage;

    c.    Failing to correctly warn of the hazardous waste sample or chemical;

    d.    Failing to warn of the hazardous waste sample or chemical against the probability of explosion damage.

16. Each of these acts and omissions, taken singularly or in combination with others constitutes negligence and was the direct and proximate cause of the injuries and damages sustained by Plaintiff.

## VII. DAMAGES

17. As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious and painful bodily injuries and has incurred the following damages:

    a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Union County, Arkansas;

    b. Reasonable and necessary medical care expenses which will in all reasonable probability be incurred in the future;

    c. Physical pain and suffering in the past;

    d. physical pain and suffering in the future;

    e. Mental anguish in the past;

    f. Mental anguish in the future; and

    g. Lost Wages.

## VIII. JURISDICTIONAL LIMITS

18. By reason of the above and foregoing injuries and damages, Plaintiffs seek judgment in an amount that exceeds the minimum requirements for jurisdiction in federal court based on diversity.

## IX. JURY DEMAND

19. Plaintiff demands a trial by jury.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays for and demands judgment against Defendants as follows:

a. For judgment in an amount that exceeds the minimum requirements for jurisdiction in federal court based on diversity;

b. For judgment against Defendants for compensatory damages, special damages, consequential damages, incidental damages and/or nominal damages under any or all of the causes of action, in an amount to be determined at the trial of this case.

c. For costs incurred herein, in amounts to be determined according to Arkansas law.

d. For prejudgment and post-judgment interest, all in amounts to be determined according to law; and

e. For such other relief, including equitable relief, as the Court deems just and proper.

Respectfully submitted,

FLINT, CRAWFORD & COGBURN P.L.L.C.
2821 Richmond Road, Texarkana, Texas 75503
Office 903-334-8928; Facsimile 903-334-8853
E-mail:   bcogburn@bruceflint.com
          litigation@bruceflint.com
          dcrawford@bruceflint.com

_____
BRANDON COGBURN
AR BAR NO. 2002094
BRUCE A. FLINT
AR BAR NO. 98100
DARLA SMITH CRAWFORD
AR BAR NO. 2009053
**ATTORNEYS FOR PLAINTIFF**